Chief Justice Watkins delivered the opinion of the Court. The defendant was indicted under the statute against Sabbath-breaking. The count to which the evidence applied, was that for retailing goods on Sunday. The jury found the defendant guilty, and he excepted to the overruling of his motion for new trial, setting out the evidence. No question of law was raised in the court below, and the only point made or argued here is, that the evidence was not sufficient to warrant the verdict of the jury. If it were the province of this court, sitting as a jury, to pass upon the sufficiency of the evidence, we might hesitate, according to our impressions of it, as contained in the bill of exceptions, to find the appellant guilty of the offence charged. The substance of the testimony was, that the witness came into the appellant’s store, by the back door, on Sunday, and applied to him to buy goods, which the appellant refused to sell him on account of its being Sunday. The witness then helped himself to the' goods, without being prohibited or permitted by the appellant,who did not charge them in his account against the witness, nor did he at any time demand pay, but on a subsequent day received pay for the same from the witness. The jury had to enquire whether the act of the witness was a trespass, or did the appellant intend to give away the goods-, or did he intend at the time that the transaction was a sale of them to the witness. The jury must have found that the appellant considered it a sale, and we cannot say that there is a want or failure of evidence necessary to uphold such conclusion. There-is no reason, nor any rule of law, which would authorize the court of errors to disturb-the verdict; and, according to Hubbard v. The State, (5 Eng. 378,) and Bivens v. State, (6 ib. 463,) the judgment will be affirmed.